ELIZABETH AMS *v.* FIRST NATIONAL BANK OF OWENSBORO, KY.

[Abstract Kentucky Law Reporter, Vol. 7—303.]

**Subjecting Wife's Land to Husband's Debts.**

> Where a wife buys real estate at sheriff's sale, taking title in her own name, still such land is liable to be subjected by the husband's creditors where it is shown that the wife paid nothing for the land but that it was paid for by the husband.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 15, 1885.

OPINION BY JUDGE LEWIS:

At the time of the alleged purchase by appellant of the house and lot in controversy under the executions in favor of Inglehart and others against John Ams, her husband, appellee had recovered the judgment it now seeks to enforce against him. Besides, though appellant states to the contrary in her petition, the record of her proceedings had in her application show conclusively that the judgment empowering her to act as a feme sole as provided in Gen. Stat. 1883, art. 2, ch. 52, sec. 6, was not rendered until after her bid for the property at the sheriff's sale, and after the deed was made to her by the sheriff.

But even if she was correct as to the date of the judgment, we think she fails to show satisfactorily that she paid any part of the price bid by her for the property. The husband, it is true, testifies that she received money through an uncle from the father's estate

in Germany, and that part of the purchase-price for the property was paid with that money. But his statements on the subject are so vague and unsatisfactory as to make the conclusion almost irresistible that he was either ignorant on the subject he testified about, or purposely stating what was untrue; and when it is considered that if true the improbable statement might have been sustained and satisfactorily explained by the uncle through whom it is pretended she got the money, and that no attempt was made to procure his testimony, we think the court below was correct in adjudging the property bought by her at the sheriff's sale was paid for by her husband, the defendant in the execution of appellee.

Sometime after the issue had been made up by the pleadings, appellant filed an amended petition in which it is stated "that since the filing of her original petition the debt of appellee, the enforcement of the execution for which is now enjoined, has been fully paid off and discharged, that said defendant now has no debt against John Ams, as same has been satisfied." Upon the filing of that amended petition an order of court was, on motion of appellee, made requiring it to be made more specific, and appellant refusing to do so the pleading was stricken out. Of this order appellant complains. The amended petition was not sufficient as a plea of payment, etc.

We think the first order of court was proper and upon the refusal of appellant to comply with it, the order striking the pleading out was inevitable.

Judgment *affirmed.*

*James Stewart, E. W. Hines, for appellant.*

*Owen & Ellis, for appellee.*